# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-381V
Filed: June 21, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| REBECCA KEMAK, | * |
| | * |
| v. | * |
|        Petitioner, | *   Ruling on Entitlement; Concession; |
| | *   Influenza Vaccination; |
| | *   Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | *   Administration ("SIRVA"); |
| AND HUMAN SERVICES, | *   Special Processing Unit ("SPU") |
| | * |
|        Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

     On March 24, 2016, Rebecca Kemak ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner "requests compensation . . . due to a severe adverse reaction after receiving an influenza vaccination on September 11, 2015." Petition at 1. Petitioner alleges she suffered a shoulder injury following her vaccination. *Id.* at ¶ 4. Petitioner further alleges that no civil action has been brought nor any settlement or award has been collected for her injury, alleged as vaccine caused. *Id.* at ¶ 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      On June 17, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report[3] at 1.  Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA; that a preponderance of evidence establishes that her SIRVA was caused-in-fact by the flu vaccination she received on September 11, 2015; and that no other causes for petitioner's SIRVA were identified."  *Id.* at 2.  (citation omitted).  Respondent further indicates that "the statutory six month sequela requirement has been satisfied, . . . [and] [t]herefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* (citation omitted).

      **In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[3] Respondent filed the Rule 4(c) Report in conjunction with a Proffer, titling the document "RESPONDENT'S RULE 4(c) REPORT RECOMMENDING COMPENSATION and PROFFER OF COMPENSATION."