# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-381V
Filed: June 21, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| REBECCA KEMAK, | |
| Petitioner, | Damages Decision Based on Proffer; |
| | Influenza Vaccine ("Flu Vaccine"); |
| | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 24, 2016, Rebecca Kemak ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program").  Petitioner "requests compensation . . . due to a severe adverse reaction after receiving an influenza vaccination on September 11, 2015."  Petition at 1.  Petitioner alleges she suffered a shoulder injury following her vaccination.  *Id.* at ¶ 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 21, 2016, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation.  In her June 17, 2016 Rule 4(c) Report, respondent included a proffer on award of compensation, stating that petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$70,000.00.  Respondent's Rule 4(c) Report and Proffer at 2.  Respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Respondent's Rule 4(c) Report and Proffer.

Pursuant to the terms stated in the Respondent's Rule 4(c) Report and Proffer,[3] **the undersigned awards petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner, Rebecca Kemak.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Because Respondent's Rule 4(c) Report and Proffer contains detailed medical information, it will not be attached to this decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2